ACCEPTED
12-14-00336-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/16/2015 11:23:20 AM
Pam Estes
CLERK



## RAMEY FLOCK

A PROFESSIONAL CORPORATION

Attorneys and Counselors at Law

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/16/2015 11:23:20 AM
PAM ESTES
Clerk

September 16, 2015

Pam Estes, Clerk
Twelfth Court of Appeals
1517 W. Front Street, Suite 354
Tyler, TX 75702

      Re:    No. 12-14-00336-CV; Frederick Graham v. Dena Turner

Dear Ms. Estes:

This is the cite letter I promised at yesterday's oral argument.

During oral argument, I discussed a steady line of cases buttressing the on-point *Aaron* and *Harrington* decisions. These cases, like *Aaron* and *Harrington,* negate Graham's statute-of-frauds challenge to joint ownership of the Raguet Street residence. They include:

- *King v. Evans*, 791 S.W.2d 531 (Tex. App.—San Antonio 1990, writ denied);

- *Davis v. Sheerin*, 754 S.W.2d 375, 386 (Tex. App.—Houston [1st Dist.] 1988, writ denied);

- *MacDonald v. Sanders*, 207 S.W.2d 155 (Texarkana 1947, writ ref'd n.r.e.);

- *Bradley v. Bradley*, 540 S.W.2d 504, 510 (Tex. Civ. App.—Fort Worth 1976, no writ); and

- *Reid v. Howard*, 9 S.W. 109 (Tex. 1888).

These decisions uniformly hold that agreements such as the one Ms. Turner proved, to jointly acquire the Nacogdoches residence, are not themselves contracts for the sale of land and, thus, need not be stated in writing. *MacDonald* is representative. There, the Texarkana Court not only traced the rule's long history, but confirmed its broad application to *any* "agreement between two or more persons for the joint acquisition of land," whether or not a formal partnership or business purpose is present:

The case of *James v. Fulcrod*, 5 Tex. 512, 55 Am.Dec. 743, established the principle of law that *an agreement between two or more persons for the joint acquisition of land is not a contract of sale of the land, and therefore is not required under our statute of frauds to be in writing.* This holding was a departure from the rule in force under the English Statutes of Fraud, . . . The case cited has been followed so consistently that authorities need not be cited, but we are listing a few. *Allen v. Allen*, 101 Tex. 362, 107 S.W. 528; *Gardner v. Randell*, 70 Tex. 453, 7 S.W. 781; *Low v. Gray*, 61 Tex. Civ. App. 487, 130 S.W. 270.

*MacDonald*, 207 S.W.2d at 157 (emphasis added). Similarly, and more recently, the San Antonio court, in *King v. Evans*, has stated:

> [When] land is acquired for partnership purposes but is held in one partner's name, the partnership's claim to the land is not barred by absence of a written document of conveyance. *King*, 791 S.W.2d at 533.

The other cited cases apply materially the same rule. *E.g., Davis*, 754 S.W.2d at 386 (Sheerin was "not relying on an oral conveyance of land, but [was] contending that the six tracts were all purchased by and for the benefit of the partnership").

Please present this cite letter to the Court at your earliest convenience.

Sincerely,

_/s/_  Gregory D. Smith

## CERTIFICATE OF SERVICE

A copy of this citation letter was served via e-file upon Counsel for Appellant in accordance with the applicable Rules of Civil Procedure on this day 16th day of September, 2015, on the following:

trorie@sbcglobal.net
Tom Rorie
210 North Street
Nacogdoches, Texas 75961


_/s/_ Gregory D. Smith